IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TINGIA D. WHEELER,

    Plaintiff,

v.

JIM SCHWOECHERT, et al.,

    Defendants.

ORDER

Case No. 16-cv-657-wmc

---

Plaintiff Tingia D. Wheeler, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted a proposed civil action under 42 U.S.C. § 1983 and requests leave to proceed without prepaying the filing fee. (Dkt. #2). After considering the motion and supporting documentation, the court concludes that plaintiff qualifies for indigent status.

Even when an inmate litigant qualifies for indigent status, the litigant must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1). Using information for the relevant time period from plaintiff's trust fund account statement, I conclude plaintiff's initial partial filing fee to be $218.50. For this case to proceed, plaintiff must submit this amount on or before October 21, 2016.

Plaintiff also filed a motion to pay the full filing fee from his release savings account. (Dkt. #4). Plaintiff cannot use his release account funds in the manner he requests. The language in 28 U.S.C. § 1915(b)(1) suggests that prison officials are required to use a prisoner's release account to satisfy an *initial partial payment* if no other funds are available. *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). However, with the exception of initial partial payments, federal courts lack the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account. Because plaintiff cannot use his release account funds to pay the entire balance of the $350 filing fee, I will deny his motion.

ORDER

IT IS ORDERED that,

1. Plaintiff Tingia D. Wheeler is assessed $218.50 as an initial partial payment of the $350.00 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $218.50 or advise the court in writing why he is not able to submit the assessed amount on or before October 21, 2016.

2. Plaintiff's request for use of his release account funds to pay the *entire* filing fee in this case (Dkt. # 4) is DENIED. However, if plaintiff does not have enough money to make the initial partial payment from his regular account, plaintiff should arrange with authorities to pay the remainder from his release account.

3. If, by October 21, 2016, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to plaintiff's filing his case at a later date.

4. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 29th day of September, 2016.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge